UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> RAFAEL ROLON RAMOS, ) <br> ) <br> Defendant. ) | 2:08-cr-00156-RLH-(RJJ) <br><br> REPORT & RECOMMENDATION <br> OF UNITED STATES <br> MAGISTRATE JUDGE <br> (Defendant's Motion to Dismiss Indictment <br> Based on Prior Unlawful Deportation (#18)) |

This matter comes before the undersigned Magistrate Judge on Defendant Rafael Rolon Ramos's Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#18). The Court has reviewed the Motion (#18) and the Government's Response (#23) and now issues this Report & Recommendation.

**BACKGROUND**

On May 28, 2008, Defendant Rafael Rolon Ramos ("Defendant") was indicted on a single charge for Unlawful Reentry of a Deported Alien in violation of 8 U.S.C. § 1326. The indictment alleges that on May 14, 2008, Ramos, unlawfully reentered and remained in the United States without the express consent of the Secretary for Homeland Security. According to the indictment he was previously removed from the United States on or about April 27, 1994, as well as January 7, 2003.

On July 21, 1993, Ramos was charged in an Information with the Sale of a Controlled Substance in violation of Nevada Revised Statutes ("NRS") 453.321 in the Eighth Judicial

1  District Court in Clark County, Nevada.  The Information specifically alleged that Ramos "did
2  then and there wilfully, unlawfully and feloniously sell to a Confidential Informant, a controlled
3  substance, to-wit: Cocaine."  Information, Attach. (#1) to Gov's Resp. (#23) at 23-2 to 23-3.
4  Ramos  pled guilty to this offense in a signed Guilty Plea Memorandum wherein he admitted all
5  facts supporting the elements of the charged offense.  Guilty Plea Memorandum, Attach. (#1) to
6  Gov's Response (#23) at 23-3 to 23-7.  On October 27, 1993, Ramos received a six (6) year
7  sentence that was suspended with a term of probation not to exceed five (5) years.  Judgment of
8  Conviction (Plea), Attach. (#1) to Gov's Response (#23) at 23-9 to 23-10.

9  Subsequently, on March 30, 1994, Ramos was served with an Order to Show Cause and
10  Notice of Hearing by Immigration and Naturalization Service (INS) alleging he was subject to
11  deportation on the basis of violations of the Immigration and Nationality Act (INA)
12  §§ 241(a)(1)B), as an alien entering the United States without inspection; 241(a)(2)(B)(I), as an
13  alien convicted of an offense relating to a controlled substance; and 241(a)(2)(B)(iii), as an alien
14  convicted of an aggravated felony.  Order to Show Cause, Ex. A attached to Def's Mot. (#18) at
15  18-2. On April 26, 1994, after a hearing, the Immigration Judge entered an order for deportation
16  and a Warrant of Deportation was issued, in part, on the grounds that Ramos had committed an
17  aggravated felony.  Order, Ex. B attached to Def's Mot. (#18) at 18-3.  On April 27, 1994,
18  Ramos was deported to Mexico.  Order,  Ex. C and Notice, Ex. D attached to Def's Mot. (#18) at
19  18-4 to 18-5.  Thereafter, Ramos reentered the United States and was again deported to Mexico
20  on January 3, 2003, by reinstatement of the April 26, 1994, Deportation Order.  Notice, Ex. D
21  and Warrant of Removal, Ex. E attached to Def's Mot (#18) at 18-5 to 18-6.

22  In this proceeding, Ramos seeks to collaterally attack the April 26, 1994, removal order.
23  He argues that the removal proceeding was fundamentally flawed, to his prejudice, because the
24  Immigration Judge did not advise him that he was eligible for relief from deportation through a
25  grant of voluntary departure under INA § 244(e), 8 U.S.C. § 1254 (e)(5) (1993).[1]  The

---

[1]  Ramos's motion cites the pertinent section of this statute in its entirety.  (Def.'s Mot. (#18) at 9, fn. 5).  The
section granted the Attorney General discretionary authority to permit an alien to depart voluntarily from the United

- 2 -

government points out that his October 27, 1993, conviction qualifies as an aggravated felony which precludes eligibility for voluntary departure. Therefore, the Defendant's collateral attack is barred.

**DISCUSSION**

Because the previous deportation serves as an element of an illegal reentry offense under 8 U.S.C. 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause. *U.S. v. Mendoza-Lopez*, 481 U.S. 828, 837-838 (1987). In order to sustain a collateral attack on a prior deportation order an alien must establish that (1) the alien exhausted all available administrative remedies, (2) the deportation proceedings deprived the alien of meaningful judicial review, and (3) the order was fundamentally unfair. 8 U.S.C. § 1326(d). The Ninth Circuit interprets 8 U.S.C. § 1326(d) to permit a collateral attack if (1) the underlying proceeding was so flawed that it eliminated the alien's right to judicial review, and (2) the defendant was prejudiced. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). To establish prejudice, a defendant does not have to prove that alternative relief actually would have been granted but, merely, that he was statutorily eligible and that he had plausible grounds for alternative relief from deportation. *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999).

An alien convicted of an aggravated felony is not eligible for relief from deportation under the statutory section relied upon by Ramos. *See infra.*, fn. 1. Thus, if his 1993 conviction for Sale of a Controlled Substance under NRS 453.321 qualifies as an "aggravated felony" he was not eligible for discretionary relief from removal and the Court need not inquire further. The term aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18. 8

---

States if the Alien established certain a specified period of "good moral character" to the satisfaction of the Attorney General. 8 U.S.C. § 1254(e)(1) (1994). This discretionary authority did not extend to an alien "who is deportable because of a conviction for an aggravated felony. 8 U.S.C § 1254(e)(2) (1994). Subsequent to the Defendant's removal, the section was repealed. *See* Pub.L. 104-208, Div. C, Title III, § 308(b)(7), Sept. 30, 1996, 110 Stat. 3009-615.

1  U.S.C. § 1101(a)(43)(B).[2]  This statutory definition gives rise to two possible avenues for a state
2  drug felony to qualify as an aggravated felony. *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir.
3  2008). First, under the phrase "illicit trafficking in a controlled substance," a state drug crime is
4  an aggravated felony "if it contains a trafficking element." *Rendon*, 520 F.3d at 974 (citing
5  *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006). Second, under the phrase
6  "including a drug trafficking crime (as defined in section 924(c) of Title 18)," a state drug crime
7  is an aggravated felony if it would be punishable as a felony under the federal drug laws. *See*
8  *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625, 630, 166 L. Ed. 2d 462 (2006).

9        In determining whether a state conviction constitutes an aggravated felony under Section
10  1101(a)(43), the Ninth Circuit employs the categorical approach, where "the issue is not whether
11  [the] actual conduct constituted an aggravated felony, but whether the full range of conduct
12  encompassed by [the state statute] constitutes an aggravated felony." *United States v. Castillo-*
13  *Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001). In cases where the state statute of conviction
14  encompasses both conduct that would constitute an aggravated felony and conduct that would
15  not, the court may then examine the record of conviction under the modified categorical
16  approach. *Rivera-Sanchez*, 247 F.3d at 907. Under the modified categorical approach, the court
17  conducts a limited examination of documents in the record of conviction to determine if there is
18  sufficient evidence to conclude that a defendant was convicted of the elements of the generically
19  defined crime even though the statute of conviction may be facially overinclusive. *Kawashima v.*
20  *Mukasey*, 530 F.3d 1111, 1114 (9th Cir. 2008) (internal quotation marks and citation omitted).
21  The examination is limited to a narrow, specified set of documents. *Kawashima*, 530 F.3d at
22  1114. In *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc), the Ninth
23  Circuit explained what documents adequately provide evidence of the elements of the conviction.

---

[2] Defendant cites the 1994 version of this section which, in pertinent part, provides that "[t]he term "aggravated felony" means...any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18." 8 U.S.C. § 1101(a)(43) (1994).

> [I]n the case of a jury trial, the charging document and jury instructions from the prior offense may demonstrate that the jury was actually required to find all the elements" of the generic crime. Similarly, if the defendant enters a guilty plea, the sentencing court may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime. Charging papers alone are never sufficient. However, charging papers may be considered in combination with a signed plea agreement.

291 F.3d at 1211 (internal citations omitted).

Ramos' underlying conviction was for the Sale of a Controlled substance in violation of NRS 453.321. That statute makes it a felony offense, among other things, to "offer" to do any act set forth in the subsections. In the Ninth Circuit, criminal solicitation offenses, such as offers to do enumerated acts, do not qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43). *See Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999); *see also Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997). (Both cases are based on the Arizona general solicitation statues.) By criminalizing "offers" to engage in the enumerated acts, NRS 453.321 encompasses both conduct that would constitute an aggravate felony and conduct that would not. Therefore, the Court next examines the judicially noticeable documentation in the record of conviction to determine whether the prior conviction constitutes an aggravated felony.

Ramos was charged with the felony sale of a controlled substance, cocaine, to a confidential informant. The Information specifically alleged that Ramos "did then and there wilfully, unlawfully and feloniously sell to a Confidential Informant, a controlled substance, to-wit: Cocaine." Information, Attach. #1 to Gov's Resp. (#23) at 23-2 to 23-3. Ramos pled guilty to this offense in a signed Guilty Plea Memorandum, wherein he admitted facts "which support all the elements of the offense." *Id.* at 23-3 to 23-7. On October 27, 1993, Ramos received a six (6) year sentence that was suspended with a term of probation not to exceed five (5) years. (*Id.* at 23-8 to 23-9.

A state drug crime is an aggravated felony "if it contains a trafficking element." *Rendon*, 520 F.3d at 974 (citing *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006).

1  The Supreme Court has stated that "ordinarily 'trafficking' means some sort of commercial
2  dealing." *Lopez*, 127 S. Ct. at 630.  The actual possession and sale of a controlled substance
3  satisfies the Supreme Court's definition of 'trafficking'. (CITATION).  Accordingly, the Court
4  finds that Ramos' conviction for the sale of a controlled substance pursuant to NRS 453.321
5  qualifies as an aggravated felony.  Because Ramos was convicted of an aggravated felony, he was
6  statutorily ineligible for voluntary removal under 8 U.S.C. § 1254(e)(1).  Thus he is unable to
7  show the prejudice necessary to succeed in acollateral attack on his prior deportation.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion to Dismiss Based On A Prior Unlawful Deportation (#18) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before February 2  2009**. The Supreme Court has held that Courts of Appeal may determine an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this   23d   day of January, 2009.

ROBERT J. JOHNSTON
United States Magistrate Judge